**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **DONNIE ALLEN McINTOSH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **No. CIV-05-989-W** |
| | ) | |
| **DON STEWART, Warden,** | ) | |
| **STATE OF OKLAHOMA,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner, a state prisoner appearing <u>pro</u> <u>se</u>, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to an order of United States District Judge Lee R. West, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined, and as it appears that the petition is untimely under 28 U.S.C. §2244(d), it is recommended that it be dismissed upon filing.

By this action, Petitioner challenges his convictions from November 13, 1997, in Case Nos. CF-1996-2308, CF-1997-6892, CF-1997-6886, and CF-1997-6887, District Court of Oklahoma County.  Petitioner was convicted pursuant to his pleas of guilty, and was sentenced as follows:[1]   Case No. CF-1996-2308, robbery with a firearm, life

---

[1]Information regarding Petitioner's sentences is taken from the Oklahoma Court of Criminal Appeals decision on Petitioner's appeal from denial of post-conviction relief. Case No. PC-2005-0267 (May 10, 2005) (attached to Petitioner's Brief-in-Support of Federal Habeas Corpus).  The undersigned has not taken the information from the petition, because it states that Petitioner was convicted of each charge after former conviction of a felony, which as explained by the Oklahoma Court of Criminal Appeals, is incorrect. <u>Id.</u> at 2.  Although the original judgment and sentence incorrectly reflected that the convictions had been enhanced, the plea documents made clear that they had not, and the judgment and sentence was corrected nunc pro tunc by the state district court as a result of Petitioner's application for post-conviction relief. <u>Id.</u>

imprisonment; Case No. CF-1997-6892, burglary in the first degree, twenty years

imprisonment; Case No. CF-1997-6886, burglary in the second degree, seven years

imprisonment; and Case No. CF-1997-6887, burglary in the second degree, seven years

imprisonment. The sentences in Case Nos. CF-1996-2308 and CF-1997-6892 were to run

concurrently, but consecutively to the sentences in Case Nos. CF-1997-6886 and CF-

1997-6887. Petitioner did not move to withdraw his pleas, and did not file a direct

appeal of his convictions. Petition, p. 2.

On January 7, 2005, Petitioner filed an application for post-conviction relief in the

state district court. Petition, p. 3. On February 22, 2005, the district court denied the

application. See id.; see also Order Denying Application for Post-Conviction Relief (Feb.

22, 2005) (attached to Petitioner's brief in support). Petitioner then appealed to the

Oklahoma Court of Criminal Appeals, which affirmed the denial on May 10, 2005.

Petitioner filed the instant petition on August 26, 2005, claiming actual innocence of

prior convictions which he alleges were to used enhance his sentences, ineffective

assistance of trial counsel, and that the trial court abused its discretion in relying on

materially untrue information regarding his criminal history in sentencing him to the

maximum sentence allowed by law on each charge. Petition, p. 5, 6, 8.

## I. SCREENING REQUIREMENT

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under

an obligation to review habeas petitions promptly and to summarily dismiss a petition

"[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief. . . ." The undersigned finds that it is proper to raise the

issue of timeliness of a petition for writ of habeas corpus sua sponte under Rule 4. Graves v. Boone, No. 99-7013, 1999 WL 1079626 (10th Cir. Nov. 30, 1999); Williams v. Boone, No. 98-6357, 1999 WL 34856 (10th Cir. Jan. 28, 1999) (affirming the Court's sua sponte dismissal of habeas corpus petition as untimely under Rule 4).[2]

As stated by the Fifth Circuit in Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999), affirming the power of the district court to raise the statute of limitations sua sponte:

> The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.

Kiser, 163 F.3d at 328 (quoting Rule 4 Advisory Committee Notes).

Moreover, the undersigned's sua sponte consideration of whether the petition is time-barred will not prejudice Petitioner since he has an opportunity to be heard on the issue by filing a timely objection to this Report and Recommendation. See Smith v. Dorsey, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994) (finding "no due process problem" where magistrate judge raised issue of procedural bar sua sponte and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof) (citing Hardiman v. Reynolds, 971 F.2d 500 (10th Cir. 1992)).

## II.  THE AEDPA LIMITATIONS PERIOD

---

[2]These and any other unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[3] sets forth a one-year period of limitations for habeas petitioners who are in state custody.  The statute provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless a petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D) above.  Preston v. Gibson, 234 F. 3d 1118, 1120 (10th Cir. 2000).  Petitioner has not provided the Court with any basis to apply the provisions of § 2244(d)(1)(B), (C), or (D) and so the undersigned will consider the timeliness of the petition under § 2244 (d)(1)(A).

---

[3]Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

Petitioner states that the date of the judgments and sentences in the convictions under attack was November 13, 1997.  Petition, p. 1.  He did not seek to withdraw his pleas or otherwise challenge his convictions within ten days as required by Oklahoma law.  See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18 App. (1981) (defendant must file an application to withdraw a plea of guilty or nolo contendere within ten days from the pronouncement of the judgment and sentence). Petitioner's convictions therefore became final on November 23, 1997. Hicks v. Kaiser, No. 99-6302, 2000 WL 27694, at *1 (10th Cir. Jan. 14, 2000) (because petitioner failed to file an application to withdraw his guilty plea, his conviction became final ten days after pronouncement of the judgment and sentence).   Therefore, Petitioner had until November 23, 1998, to file his federal habeas action.  Malone v. State, Nos. 03-6246, 03-6175, 2004 WL 1249850, at *1 (10th Cir. June 8, 2004) (the one year limitation period should be calculated using anniversary date method, citing United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003)).  This action was not filed until August 26, 2005, and in the absence of tolling, is clearly untimely.

**A.  Statutory Tolling**

Federal law provides that the limitations period is tolled for a "properly filed application for State post-conviction or other collateral review."  28 U.S.C. § 2244(d)(2). However, Petitioner is not entitled to tolling for his post-conviction application because it was not commenced until the limitations period had already expired.  See e.g., Hansell v. LeMaster, No. 98-2207, 1999 WL 258335, at *2 (10th Cir. April 30, 1999) (refusing to toll limitation period for time petitioner spent seeking post-conviction relief where

petitioner did not seek such relief until after the statutory period ended). Therefore, statutory tolling is unavailable in this case.

### B. Equitable Tolling

The period of limitation also "may be subject to equitable tolling" under circumstances where application of the period of limitation would possibly render the habeas remedy "inadequate and ineffective." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). In Miller, the Court specifically cited assertions of innocence and incompetence as examples of claims which might warrant equitable tolling. Id. However, equitable tolling is limited to "rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, the petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). It is Petitioner who has the burden of demonstrating that equitable tolling applies. Miller, 141 F.3d at 977; Cooper v. Bravo, No. 00-2462, 2002 WL 32716, at * 4 (10th Cir. Jan. 11, 2002) (citing Miller). Simple excusable neglect is not sufficient. Gibson, 232 F.3d at 808.

In response to the form petition's question seeking Petitioner's explanation for why the AEDPA limitation period should not bar his petition for a writ of habeas corpus, Petitioner states "This is an Actual Innocence Claim." Petition, p. 11. Petitioner is apparently referring to his claim in Ground One of the petition, wherein he claims that he is actually innocent of the "after former convictions" relied upon to enhance his sentences. In his brief in support of the petition, Petitioner claims that the trial court mistakenly relied on the former convictions of his brother and co-defendant, Ronnie

McIntosh, in arriving at the decision to sentence Petitioner to the maximum allowable sentence for each of the charges to which he pled guilty.  The undersigned finds this claim insufficient to support equitable tolling for two reasons.

First, in ruling on Petitioner's application for post-conviction relief, the state district court specifically found that the paperwork completed at the time of sentencing "does not reflect that Petitioner was charged with former felony convictions, pled guilty to charges after former felony convictions, or that he was sentenced based on former felony convictions."  Order Denying Application for Post-Conviction Relief, p.  3 (Feb. 22, 2005).  However, the state district court did find an error in the judgments and sentences entered in the cases, in that they incorrectly reflected conviction after former conviction of a felony, and the court stated that an amended judgment and sentence in each case was being issued to correct the error.  Id. at 4.  On appeal, the Oklahoma Court of Criminal Appeals affirmed, noting that the error had been corrected by orders nunc pro tunc.  Order Affirming Denial of Application for Post-Conviction Relief, p.  2. (May 10, 2005).  Absent clear and convincing evidence to the contrary, a state court's determination of factual issues is presumed to be correct.  28 U.S.C. § 2254(e)(1); See Fisher v. Gibson, 262 F.3d 1135, 1145 (10th Cir.  2001) (proper for federal district court to rely on factual findings of state courts in declining to equitably toll petition on grounds of alleged incompetency);  Reupert v. Workman, No. 01-6440, 2002 WL 2005921, at *2 (10th Cir. Sept. 3, 2002) ("the state trial court's findings rejecting the competency claim in denying post-conviction relief may not be lightly disregarded") (citing 28 U.S.C. § 2254(e)(1)). Petitioner has not provided any evidence to overcome the presumption of

correctness of the state courts' finding that his sentences were not in fact enhanced by the former convictions of his brother.

Second, even if Petitioner could show rare and extraordinary circumstances justifying some equitable tolling of the limitation period, he must also demonstrate that he has diligently pursued his federal claims. Gibson, 232 F.3d at 808; Marsh, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003). In this case, Petitioner gives no reason for his seven-year delay in filing his state post-conviction application, or for his additional delay in seeking federal habeas relief after the Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief. Put another way, Petitioner waited over six years after the one-year limitations period had already passed before bringing his state post-conviction application, and then did not seek federal habeas corpus relief until yet another three months had passed after his post-conviction appeal was affirmed. Moreover, none of the grounds raised herein are such that they would have been unknown to Petitioner at the time of his convictions. Thus, the undersigned finds that the petition should be dismissed as it was filed after the applicable one-year limitations period of 28 U.S.C. § 2244(d)(1), and there is no tolling available to otherwise extend the deadline.

## **RECOMMENDATION**

Based on the foregoing findings, it is recommended that the petition for a writ of habeas corpus be dismissed as untimely. Petitioner is advised of his right to file an

objection to this Report and Recommendation with the Clerk of this Court on or before September 19, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the Respondent and to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

**ENTERED this 30th day of August, 2005.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE